GAGE COUNTY v. ROBERT R. KYD.

FILED NOVEMBER 8, 1893. No. 6425.

1. **Counties:** LIABILITY FOR COMPENSATION OF JAIL GUARD. An account was filed with the county clerk by one K. as jailer of G. county. From this account the county board deducted $179.50, from which K. appealed to the district court. Pleadings were filed in the district court in which K. claimed as jail guard, and that the account as jailer was a mistake. The court found the issues in favor of K., in effect that he was jail guard and not jailer.

2. ———: ———. A jail guard, when actually necessary for guarding prisoners, is entitled to $2 per day, to be paid by the county.

ERROR from the district court of Gage county. Tried below before BUSH, J.

*R. W. Sabin*, for plaintiff in error.

*Alfred Hazlett, contra.*

MAXWELL, C. J.

The defendant in error filed a claim with the county clerk of Gage county for services as jailer of that county, the sum claimed being $718. The county board allowed him $538.50 and disallowed $179.50. From the order thus made the defendant in error appealed to the district court. In the district court the claim is made for services as jail guard, and upon this issue the action was tried, and the court rendered judgment in favor of the defendant in error for the amount sued for, $179.50 and costs. From this judgment the plaintiff in error brings the case into this court.

Section 5, chapter 28, Compiled Statutes, provides: "For guarding prisoners, when it is actually necessary, $2 per day, to be paid by the county." The action in the district

court was for guarding prisoners, it being alleged on behalf of the defendant in error that the account as jailer was a mistake.  However that may be, the only question that can be considered in this court is the right of the defendant in error to compensation as jail guard.  If he was such guard, he is entitled to recover for the number of days charged in the account, and he is entitled to compensation at the rate fixed by statute.  The court below found that he was jail guard and not jailer, and this finding seems to conform to the proof.  He was, therefore, entitled to $2 per day for the time actually employed as such guard.  The judgment of the district court is right and is

AFFIRMED.